

# The Attorney General of Texas

January 6, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable William W. Day
Criminal District Attorney
 of Calhoun County
P. O. Box 1001
Port Lavaca, Texas 77979

Opinion No. H- 1111

Re: Source of payment of a
judgment against Calhoun County
Drainage District No. 11.

Dear Mr. Day:

You have requested our opinion regarding the source of payment of a judgment against Calhoun County Drainage District No. 11.

In 1961, the Legislature validated the District by special act, and declared it to be a validly existing and operating district under article 16, section 59 of the Texas Constitution. Acts 1961, 57th Leg., ch. 339, at 713. The act provides that the District is

> vested with, all of the rights, powers, privileges and
> duties conferred and imposed by the General Laws of
> the State of Texas now in force and hereafter enacted
> applicable to water control and improvement districts
> . . . .

Sec. 1. In June, 1977, a plaintiff secured a judgment against the District for damages to his property resulting from the District's construction of improvements on Agua Dulce Creek. The Calhoun County Auditor, who also serves as auditor for the District, has asked that you determine which of the District's statutory funds should be used to satisfy the judgment.

A water control and improvement district is required by the Water Code to maintain at least two separate funds, a construction fund, section 51.351, and a maintenance fund, section 51.352. The construction fund must be used

> to pay expenses, debts, and obligations necessarily
> incurred in the creation, establishment, and main-
> tenance of the district and to pay the purchase price
> of property and construction contracts, including
> purchases for which the bonds were issued.

Water Code § 51.351(b). We do not believe that the payment of a judgment for damages may reasonably be said to be an obligation "necessarily incurred in the creation, establishment and maintenance of the district.".

The maintenance fund must be used

> to pay all expenses of maintenance, repair, and operation of the district except the expenses of assessing and collecting taxes for the interest and sinking fund. Expenses for collecting taxes for the interest and sinking fund shall be paid from the interest and sinking fund.

Water Code § 51.352(b). Section 51.352(c) provides, however, that a district

> may pay from the maintenance fund other expenses for which payment is not provided in this chapter.

No specific provision is made in chapter 51 of the Water Code for the satisfaction of a judgment against a water control and improvement district. In our opinion, such payment should be deemed to constitute "other expenses" and therefore, payable out of the maintenance fund.

The Supreme Court's decision in Harris County Flood Control Dist. v. Mihelich, 525 S.W.2d 506 (Tex. 1975) supports this view. In that case, the Court held that a water control and improvement district should use its maintenance fund to satisfy a judgment for damages under the Texas Tort Claims Act. Id. at 510-11. See also Brown County Water Improvement Dist. No. 1 v. Austin Mill and Grain Co., 138 S.W.2d 523 (Tex. 1940). Thus, it is our opinion that Calhoun County Drainage District No. 11 should pay a judgment of damages rendered against it from its maintenance fund.

## S U M M A R Y

> Calhoun County Drainage District No. 11 should pay a judgment of damages rendered against it from its maintenance fund.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst